UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-04587-JHN-VBK | Date | October 18, 2011 |
|---|---|---|---|
| Title | HSBC Bank USA NA v. Antonio Contreras | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Chris Silva | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

On May 27, 2011, Defendant Antonio Contreras ("Defendant") removed this matter, previously filed in the Los Angeles Superior Court, to federal court. (Docket no. 1.) The Complaint alleges a single cause of action for unlawful detainer. The Court has considered the Notice of Removal and finds no federal jurisdiction. Therefore, the Court **REMANDS** the matter to the Los Angeles County Superior Court.

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ." 28 U.S.C. § 1441(a). However, the Court may remand a case to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, although Defendant alleges that the claims arise under federal law, Plaintiff's only

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-04587-JHN-VBK | Date | October 18, 2011 |
|---|---|---|---|
| Title | HSBC Bank USA NA v. Antonio Contreras | | |

cause of action is for unlawful detainer under state law.  Therefore, no federal question jurisdiction exists.

Pursuant to 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  However, neither the Complaint nor the Notice of Removal properly alleges complete diversity of citizenship of the parties.  Without an allegation as to citizenship, Defendant cannot meet his burden of establishing diversity.  Moreover, the Complaint specifically alleges that the damages do not exceed $10,000.  (Compl. 1.)  For these reasons, no diversity jurisdiction exists.

Defendant has failed to meet his burden of establishing federal jurisdiction.  Accordingly, the Court hereby **REMANDS** this matter to the Los Angeles County Superior Court.

**IT IS SO ORDERED**.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | | CSI |